UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRICK ENTERPRISES, INC.,

    Plaintiff,                                      HONORABLE SEAN F. COX

v.                                                  Case No. 07-15081

CRESCENT PETROLEUM, INC.
*et al.*,

    Defendants.
_____/

**<u>OPINION & ORDER</u>**
**<u>GRANTING IN PART AND DENYING IN PART</u>**
**<u>PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD</u>**
**<u>AND FOR OTHER RELIEF (D.E. 27).</u>**

This action involves disputes arising under a petroleum supply agreement. After litigating their claims against each other in this Court for a period of time, on February 22, 2008, the parties agreed to arbitrate their claims. After arbitration, Defendants filed a motion seeking to vacate the arbitration award. This Court denied that motion in an opinion and order. Thereafter, Plaintiffs filed the instant motion "For Entry of an Order Confirming Arbitration Award, Pursuant to 9 U.S.C.A. § 1 *et. seq*., and Request for Other Relief." The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs.

For the reasons that follow, the Court shall GRANT PLAINTIFF'S MOTION IN PART AND DENY IT IN PART. The Court shall GRANT the motion to the extent that the Court shall

1

affirm the arbitration award, declare that Plaintiff is the prevailing party in the arbitration, award Plaintiff statutory interest calculated from the date of the Arbitrator's final award, and issue a final judgment. The Court shall DENY the motion in all other respects.

## BACKGROUND

On or about February 9, 2005, Defendant Crescent Petroleum, Inc. ("Crescent") and Crescent's owners, Bassell El-Bathy and Mohammed El-Bathy, entered into a Sales Agreement with Plaintiff Barrick Enterprises ("Barrick"), whereby Barrick agreed to supply Crescent with gasoline at its Madison Heights, Michigan location.

On October 4, 2007, Barrick filed suit against Crescent in state court, alleging that Crescent had breached the Sales Agreement by failing to pay for delivered gasoline. Crescent removed the action to this Court and asserted counter-claims alleging violations by Barrick of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq*.

On February 22, 2008 the parties agreed to submit certain claims to arbitration and dismiss their remaining claims. (*See* Docket Entry No. 6, Stipulated Order of Dismissal Without Prejudice and Stipulated Order Submitting Certain Claims to Arbitration ("the Arbitration Order")). Specifically, the parties agreed to submit their claims to a Certified Public Accountant at the accounting firm of UHY Advisors, MI, Inc. ("the Arbitrator") to render an opinion using generally accepted accounting principles as to the amount of money owed or, in the alternative, the amount of money overpaid, between the parties. (*Id.* at 3). The Arbitration Order further provides that:

- "[T]he parties have agreed that the evaluation of the Account Balance to be performed by the Arbitrator shall be a final determination of the monetary liability or damages owed in

       this matter by either party (hereinafter, the "Award")."  (*Id*. at 3);

- "Defendants Crescent have agreed to reimburse and pay to Plaintiff Barrick the sum of $14,734.99 in unamortized imaging costs and expenses, which shall be added to any arbitration award entered in favor of Plaintiff Barrick . . ." (*Id*. at 4);

- "The Arbitrator's decision and award shall be deemed binding and final as to any claims of liability and damages between the parties related to the Account Balance (the "Award").  (*Id*. at 6);

- "The prevailing party shall be entitled to statutory interest and/or interest or late charges as provided by the February 9, 2005, Sales Agreement and Security Agreement." (*Id*. at 6);

- "In the event the Arbitrator's Award is in favor of Plaintiff Barrick, Defendants Crescent shall have forty-five (45) days from the date of the Award to remit payment in full to Plaintiff Barrick.  In the event Defendants Crescent fail to remit payment in full within forty-five (45) days as provided herein, the Court, following the Petition of Plaintiff Barrick, shall confirm the Award and simultaneously enter a civil Judgment in favor of Plaintiff in an amount equal to the balance owed on the Award against Defendants Crescent, jointly and severally." (*Id*. at 6); and

- "Plaintiff Barrick agrees to seek collection of the award from Defendant Crescent first and then the individual Defendants in the event of a deficiency." (*Id*. at 6).

On August 15, 2009, the Arbitrator issued its initial arbitration award, awarding "net damages to be paid to by the Defendant, Crescent Petroleum, Inc., to the Plaintiff, Barrick Enterprises, Inc., to be: $281,734.07." (*See* Docket Entry No. 27-2, Ex. B to Pl.'s Motion to Confirm).

After the initial award, the parties submitted inquiries regarding the award to the Arbitrator.  In an October 29, 2009 submission to the Arbitrator, Plaintiff advised the Arbitrator that it believed there were three additional issues that should be addressed by the Arbitrator, including the following:

Issue #3

      As provided by Paragraph 6 of the Stipulated Order of Dismissal, "the prevailing party shall be entitled to statutory interest and/or interest or late

>   charges as provided by the February 9, 2005, Sales Agreement" by and between Barrick and Crescent.
>
>   Pursuant to Paragraph 24 of the February 9, 2005, Sales Agreement and Security Agreement, Barrick is entitled to interest at the highest rate allowed by law, which is seven percent (7%), computed from the date any payment was due.
>
>   Therefore, Barrick is requesting that [the Arbitrator] compute and assess the interest that is owed from Defendants as provided by the Stipulated Order of Dismissal and include same in the Arbitration Award.

(Docket Entry No. 17-17 at 10).

On January 8, 2010, the Arbitrator issued a final award, which addressed the various inquires, but ultimately concluded that no changes were needed to the original award. (*See* Docket Entry No. 17-14). The January 8, 2010 final award discussed Plaintiff's request for an award of interest as follows:

>   Entitled Interest
>
>   In response to the Plaintiff's Inquiry dated October 29, 2009, [the Arbitrator] noted **there does not appear to be a clear basis for the Plaintiff's claim relating to the interest payment for the entire period the balance was outstanding**. [The Arbitrator] does agree with the Defendant that the interest period, if any, should be specified by the court. As reflected in the [Arbitrator's] response to the Plaintiff's inquiry, if requested by the court, [the Arbitrator] will calculate interest charges based on the period specified by the court.

(*Id.* at 4) (emphasis added).

On April 8, 2010, Defendants filed a Motion to Vacate and/or Modify the Award. (Docket Entry No. 17). After full briefing by the parties, this Court denied that motion, in its entirety, an Opinion & Order issued on July 28, 2010. (*See* Docket Entry No. 22).

On August 30, 2010, Plaintiff filed a Motion "For Entry of an Order Confirming Arbitration Award, Pursuant to 9 U.S.C.A. § 1 et. seq. And Request for Other Relief." (Docket Entry No. 27). On November 15, 2010, Defendants filed a response to the motion. (Docket

4

Entry No. 30).  Plaintiff filed a Reply on November 22, 2010.  (Docket Entry No. 32).

ANALYSIS

In its motion, Plaintiffs asks this Court to: 1) enter an order confirming the Arbitration Award and determining Plaintiff to be the "prevailing party" in the arbitration; 2) award Plaintiff $79,552.51 in interest; and 3) Enter a Judgment in favor of Plaintiff in the amount of $376,021.57 ($281,734.07 Award plus $14,734.99 per page 4 of the Arbitration Order plus interest of $79,552.51).

In opposing Plaintiff's motion, Defendants raise the following arguments: 1) the Court should not confirm the arbitration award because the arbitrator exceeded their powers under the Arbitration Order; 2) any judgment entered by the Court must require that Plaintiff must make collection efforts against Crescent Petroleum first before attempting collection efforts against the other Defendants; and 3) any judgment entered by the Court should provide that interest accrues from the date of the Arbitrator's award only.

A.  This Court Has Already Rejected Defendants' Arguments That The Arbitrator Exceeded Its Powers Under The Arbitration Order.

To the extent that Defendants' response continues to assert that the Arbitrator exceeded its powers under the Arbitration Order, and failed to consider all documents presented, this Court has already considered and rejected those arguments in its Opinion & Order Denying Defendants' Motion to Vacate Arbitration Award.  (Docket Entry No. 22).

B.  The Judgment Should Include Only The Agreed-Upon Language Regarding Collection Efforts.

The Arbitration Order agreed to by the parties expressly provides that "Plaintiff Barrick agrees to seek collection of the award from Defendant Crescent first and then the individual

Defendants in the event of a deficiency." (Arbitration Order at 6).

In response to Plaintiff's motion, Defendants assert that "[a]fter entry of a Judgment, Barrick must be precluded from seeking to collect from either Bassel El-Bathy or Mohammed El-Bathy until all reasonable efforts have first been made to collect on the Judgment from Crescent Petroleum first." (Defs.' Br. at 10).

Plaintiff's Reply Brief does not respond to this argument.

While the Arbitration Order does contain the above provision regarding collection, Defendants are asking this Court to include language not included in the Arbitration Order. The Court declines to expand the language agreed to by the parties, but shall include the express terms as agreed by the parties in the Judgment.

C.  <u>The Judgment Should Provide That Interest Accrues From The Date Of The Award.</u>

In its motion, Plaintiff asks this Court to award it $79,552.51 in interest under the terms of the Arbitration Order and the terms of the February 9, 2005 Sales Agreement and Security Agreement.

In the Arbitration Order, the parties agreed that the "prevailing party shall be entitled to statutory interest and/or interest or late charges as provided by the February 9, 2005, Sales Agreement and Security Agreement." (*Id*. at 6). The February 9, 2005 Sales Agreement and Security Agreement (the "2005 Agreement") provides:

> . . . in the event Buyer [Crescent Petroleum, Inc.] is delinquent in paying any monies which are required to be paid to Seller [Barrick Enterprises, Inc.] pursuant to this agreement, Buyer agrees that said monies shall **bear interest from the date said monies were due to be paid, at the highest rate permitted by law**.

(Docket Entry No. 27-4 at 12) (emphasis added).

As the Court reads the interest provision in the Arbitration Order, the parties agreed that

6

the Arbitrator has the authority to award interest as a component of Plaintiff's breach of contract damages under the 2005 Agreement, and additionally, that the Court, in confirming any award by the Arbitrator and issuing a Judgment, has the authority to award statutory interest.

Defendants appear to agree with this reading of the provision. Defendants "concede that Barrick is entitled to interest on its Judgment, but contend that interest should be calculated from the date of the Arbitrator's final award (January 8, 2010) at the statutory rate of 5% per annum under MCL § 438.7" and "[o]nce a Judgment is entered, interest would accrue at the statutory judgment interest rate established by MCL § 600.6013." (Def.'s Br. at 9).

Defendants contend that the "Arbitrator was responsible for determining whether there had been a breach of the [2005] Agreement and what Barrick's damages were. It was the Arbitrator who heard all the testimony, reviewed all the documents, and reviewed the Sales Agreement to determine whether there was a breach and what Barrick's damages were. It was incumbent upon the Arbitrator in his findings to award interest based on a contractual clause. Thus, the absence of an award of interest based on the terms of the Sales Agreement must be deemed a purposeful omission." (Defs.' Br. at 9).

Based on the terms of the Arbitration Order and the Arbitrator' statements and awards, the Court agrees with Defendants.

First, the Arbitration Order that the parties agreed to appears to support Defendants' position that the Arbitrator was responsible for determining whether Plaintiff was entitled to damages for breach of the 2005 Agreement, including whether it was entitled to an award of interest under the contract terms. Specifically, the following two provisions support that position: 1) "[T]he parties have agreed that the evaluation of the Account Balance to be

performed by the Arbitrator shall be a final determination of the monetary liability or damages owed in this matter by either party (hereinafter, the "Award")." (Arbitration Order at 3); and 2) "The Arbitrator's decision and award shall be deemed binding and final as to any claims of liability and damages between the parties related to the Account Balance (the "Award"). (Arbitration Order at 3 and 6).

Second, the record appears to reflect that Plaintiff also believed that the Arbitrator was to make any award of interest under the terms of the 2005 Agreement – as they specifically raised the issue in arbitration and asked the Arbitrator to make such a determination under the 2005 Agreement. (*See* Docket Entry No. 17-17 at 10) ("Pursuant to Paragraph 24 of the February 9, 2005, Sales Agreement and Security Agreement, Barrick is entitled to interest at the highest rate allowed by law, which is seven percent (7%), computed from the date any payment was due. Therefore, Barrick is requesting that [the Arbitrator] compute and assess the interest that is owed from Defendants as provided by the Stipulated Order of Dismissal and include same in the Arbitration Award.").

Third, the Arbitrator appears to have considered, but rejected, Plaintiff's position that it was entitled to the interest claimed. (*See* Docket Entry No. 17-14 at 4) (Where Arbitrator stated that "there does not appear to be a clear basis for the Plaintiff's claim relating to the interest payment for the entire period the balance was outstanding.").

Accordingly, the Court shall award Plaintiff the statutory interest calculated from the date of the Arbitrator's final award but declines to award any other interest.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Plaintiff's motion (Docket Entry No. 27) is

GRANTED IN PART AND DENIED IN PART. The motion is GRANTED to the extent that the Court: 1) AFFIRMS the arbitration award; 2) finds that Plaintiff is the prevailing party in the arbitration; 3) awards Plaintiff statutory interest calculated from the date of the Arbitrator's final award ; and 4) shall enter an appropriate final judgment. The Court DENIES the motion in all other respects.

IT IS FURTHER ORDERED that the parties shall meet and confer in order to provide the Court with an agreed upon final judgment, based on the above rulings, within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: March 4, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 4, 2011, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager